**Tamu Meichelle White FITZGERALD, Appellant,**

v.

**Calvin Roosevelt FITZGERALD, Appellee.**

No. 82–374.

District of Columbia Court of Appeals.

Argued March 22, 1983.

Decided July 14, 1983.

Nancy D. Polikoff, Washington, D.C., for appellant.

Margaret Mann Drachsler, Washington, D.C., with whom Carl E. Zentz, Washington, D.C., was on brief, for appellee.

Before MACK and TERRY, Associate Judges, and KELLY, Associate Judge, Retired.*

PER CURIAM:

In a civil action, appellant-wife sought an absolute divorce from appellee-husband, custody of their minor child and child support. The trial court granted appellant an absolute divorce but awarded custody to appellee and ordered appellant to pay $100 per month to appellee for child support. On appeal, appellant challenges only the award of custody asserting that the trial court abused its discretion (1) by failing to consider the criteria mandated by D.C.Code § 16–914 (1981) for determining the "best interest" of the child, and (2) by improperly relying exclusively upon appellant's non-marital cohabitation and the fact of appellee's religious observance in awarding custody. On this record, we conclude that the trial court failed to give adequate consideration to statutorily mandated criteria in determining custody, and thus abused its discretion in awarding custody to appellee. Therefore, we reverse and remand to the trial court for a de novo determination of the issue of custody.[1]

I

The record contains little information directly bearing on the issue of custody. In fact, the testimony concerning custody which was adduced at the hearing covers little more than forty pages of transcript.[2] The trial court ruled from the bench in favor of appellee, stating:

The issue comes down finally to one consideration that the Court must have in determining which of the two parents, neither one of whom is in any great financial shape, ought to have the responsibility and could offer the most, exclusive of the financial concern, and the Court's judgment is that the defendant is best able to offer what the Court considers is needed for this child. The plaintiff is living in a situation that, in the Court's judgment, tends to defeat the ability to demonstrate good moral conduct, and the defendant, according to the testimony— The Plaintiff. If the Court said defendant before, it meant the plaintiff. According to the testimony of the defendant, the plaintiff had not seen fit to expose the child to any kind of institutional training whereby morals—and, as the defendant puts it, the church is an excellent institution which can help to train in morals. The defendant has done that, and, while the Court certainly has no brief for any particular kind of religious exposure, it is satisfied that religious exposure does assist parents in moral training, and the defendant's mode of living is absent any kind of bad example setting, which is not true of the plaintiff.

In support of its ruling, the court prepared written findings. The findings track the court's oral ruling and read, in relevant part, as follows:

12. That the court's concern in this case is which parent can provide the most, exclusive of financial concerns; and concludes that the defendant [appellee] can better provide for the child;

13. That the plaintiff [appellant] has been living in an environment which is not conducive to moral upbringing;

14. That the defendant attends church regularly and takes his minor (six years old) child to church with him;

---

* Judge Kelly was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on March 31, 1983.

1. Should the custody of the child be changed, the trial court must also re-address the issue of child support.

2. The remaining portions of the transcript concern the issue of child support and the financial capacity of the parties. This has no bearing on the issue of custody since the court stated that the custody question was resolved "exclusive of the financial concern."

15. That the church is an institution that assists parents in moral training;

16. That the defendant's living circumstances are absent bad examples;

17. That the defendant is in need of support from the plaintiff for the parties' child;

18. That the plaintiff was not as credible as defendant: the court does not believe that the plaintiff is not in anyway supporting her paramour.

The court concluded that the best interest of the child would be served by an award of custody to appellee.

## II

In a custody dispute, the paramount concern is the best interest of the child. *Bazemore v. Davis,* 394 A.2d 1377, 1379 (D.C. 1978) (en banc). D.C.Code § 16–914(a) (1981), which establishes guidelines for a custody determination, reads in relevant part as follows:

In determining the care and custody of infant children, the best interest of the child shall be the primary consideration. To determine the best interest of the child, the court shall consider all relevant factors including, but not limited to:

(1) the wishes of the child as to his or her custodian, where practicable,

(2) the wishes of the child's parent or parents as to the child's custody,

(3) the interaction and interrelationship of the child with his or her parent or parents, his or her siblings, and any other person who may emotionally or psychologically affect the child's best interest,

(4) the child's adjustment to his or her home, school, and community,

(5) the mental and physical health of all individuals involved.

While the trial court here concluded that its custody award was based upon its determination of the child's best interest, it considered very few of the relevant factors in making that determination.

The court's decision was based on only two considerations. First, it found that appellant's living circumstances are not conducive to a moral upbringing while those of the appellee are absent bad example. The court did not, however, make a finding (nor could it based on the record before it) as to the child's adjustment to or interaction and interrelationship with each parent or "any other person who may emotionally or psychologically affect the child's best interest." [3] Second, the court found that appellee regularly attends church, an institution which assists in moral training, and takes his child along. Again, the court did not make a finding as to how this factor affected this child. While these two considerations are certainly among those which properly can enter a custody determination, they do not form a sufficient basis, standing alone, from which to assess the best interest of a child. *See Rzeszotarski v. Rzeszotarski,* 296 A.2d 431, 439 (D.C.1972) (a parent's adultery is not an absolute bar to custody but is a consideration as far as it is relevant to the best interest and welfare of the child); *Bonjour v. Bonjour,* 592 P.2d 1233 (Alaska 1979) (religion may be considered in a custody dispute where the child is shown to have religious needs). The trial court must hear evidence bearing upon the needs and adjustment of this child and make findings on other relevant factors including those listed in the statute.[4]

Such evidence was not developed before the trial court and its findings are inadequate. We hold that the court abused its discretion in concluding on such scant grounds that the best interest of the child would be served by awarding permanent custody to appellee. Under these circumstances, we must remand the case for a new hearing, full consideration of relevant factors and a new determination of custody. It may be that a referral to a social services

---

**3.** Those persons would include at least Calvin Golding, who lives with appellant, and appellee's mother, who assists appellee in caring for the child.

**4.** Here the court determined that there was no need for the court to talk with the child, a six year-old. [Tr. 83–84] Neither party challenges that determination.

unit or to some neutral party for investigation will be found necessary in the discretion of the trial court.

*Reversed and remanded.*